UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRISTIN BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-005 |
| | ) | |
| DETECTIVE MELVIN KESNER, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

*Pro se* Plaintiff Christin Ballard submitted a 42 U.S.C. § 1983 Complaint alleging that he was wrongfully arrested. Doc. 1.[1] Defendant Detective Melvin Kesner has moved to dismiss the Complaint, doc. 27, and requested that the Court stay discovery pending disposition of that motion. Doc. 28. Plaintiff has not opposed the stay request. *See* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within [14 days] shall indicate that there is no opposition to a motion."); *see generally* docket (Plaintiff has not responded to the stay request). For the following reasons, the unopposed stay request is **GRANTED**. Doc. 28.

---

[1] This case was originally filed in the Northern District of Georgia; however, it was subsequently transferred to this District. Doc. 3 at 2.

A court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has recognized that it is appropriate for the Court dispose of "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In evaluating stays of discovery pending resolution of dispositive motions, "a court must take a 'preliminary peek' . . . to assess the likelihood that the motion will be granted." *Taylor v. Jackson*, 2017 WL 71654, at *1 n.2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at *6 (S.D.

Ga. June 10, 2016)). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Sams*, 2016 WL 3339764 at *6. "[A] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *CSX Transp., Inc. v. United States*, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014) (citing *Feldman*, 176 F.R.D. at 652).

    Plaintiff does not oppose the stay request, and he does not indicate that he would be prejudiced by a stay. And, upon preliminary review, the motion to dismiss does not appear to be meritless. *See generally* doc. 27. Additionally, a ruling on the motion to dismiss could be case-dispositive. *See id.* at 1 (requesting dismissal of "Plaintiff's Complaint"). On balance, then, a stay is appropriate.

    Defendant's unopposed Motion to Stay Discovery is **GRANTED**. Doc. 28. All deadlines in this case are **STAYED** pending disposition of the motion to dismiss, doc. 27. Upon disposition of the motion to dismiss, doc. 27, the Clerk is **DIRECTED** to lift the stay. If the case remains pending after the disposition of the motion to dismiss, Defendant is **DIRECTED** to file an Answer within 14 days from the date of such

disposition, unless otherwise ordered by this Court. *See* Fed. R. Civ. P. 12(a)(4).

**SO ORDERED**, this 4th day of August, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA