## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRISTIN BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-005 |
| | ) | |
| DETECTIVE MELVIN | ) | |
| KESNER, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, plaintiff Christin Ballard brought this 42 U.S.C. § 1983 action against a detective, defendant Melvin Kesner, who was involved in his 2010 arrest. *See* doc. 1 (Complaint). His Complaint was screened, pursuant to 28 U.S.C. § 1915A, and the District Judge approved Ballard's "Fourth Amendment false arrest claims" for service upon Kesner. Doc. 19 at 6. Kesner has moved to dismiss Ballard's Complaint. Doc. 27. Ballard responded, doc. 29, Kesner replied, doc. 31, Ballard sur-replied, doc. 33, Kesner, sur-sur-replied, doc. 35, and Ballard sur-sur-sur-replied, doc. 36. The motion is ripe for review.

## I.   BACKGROUND[1]

Ballard's original Complaint is relatively terse.  *See* doc. 1 at 3-4.  It alleges that Kesner detained Ballard in August 2010 based on "an incident report of alleged child abuse."  Doc. 1 at 3.  Ballard consented to a search of his residence and was interrogated.  *Id.*  He was then "arrested without a warrant . . . ."  *Id.*  "A warrant was . . . obtained the next day, and . . . [on] 9-21-10," Ballard was "served a warrant for a second charge (Agg Battery)."  *Id.* at 3-4.  The District Judge concluded the Complaint raised two issues: "Plaintiff's initial arrest without a warrant," and "whether the warrants were based on falsified information."  Doc. 19 at 5.

In Kesner's Motion to Dismiss he acknowledges Ballard's arrest in August and September 2010.  Doc. 27 at 4.  He goes on to assert that "[f]ollowing his arrest, Plaintiff received a 20-year sentence when he pled guilty to cruelty to children first degree [sic] and aggravated battery in

---

[1]   The discussion of the factual background of this case includes information presented throughout all of the parties' submissions.  As discussed more fully below, not all of the information discussed is properly considered in evaluating the merits of the Motion to Dismiss.  However, given the parties' vigorous dispute concerning the scope of that evaluation and Ballard's *pro se* status, the Court has summarized the parties' factual contentions, as presented.

the Superior Court of Liberty County on October 27, 2016, and he is currently incarcerated," on those charges. *Id.* Kesner also acknowledges that "law enforcement arrested Plaintiff [without a warrant] after his interview" on August 30, 2010. *Id.* at 4-5. He concedes the Complaint's allegation that a warrant was obtained the next day, *i.e.*, August 31, 2010. *Id.* He also agrees with Ballard's allegation that a second warrant for Ballard's arrest on a charge of aggravated battery was obtained on September 10, 2010. *Id.* at 5.

Ballard's response to the Motion to Dismiss dramatically expands his factual allegations. *See* doc. 29 at 1-12. He includes detailed allegations concerning the initial investigation of the child abuse. *See id.* at 1-2. He discusses investigators' notes and findings from August 2010. *Id.* Ballard explains, by referring to testimony he provided to investigators at the time, that "he finished bathing the victim," and left him in the bathroom. *Id.* at 2. Ballard states that he told investigators he "was not in the room when the victim fell . . . hitting his head." *Id.* He also explains that "medical staff" informed law enforcement that the explanation he provided was not consistent with the victim's injuries. *Id.* Kesner first appears in Ballard's narrative when Ballard repeated his

3

prior explanation of the injury to Kesner at the hospital.  *Id.* at 3.  The victim's mother requested Kesner and another law enforcement officer "remove Ballard from the hospital . . . ."  *Id.*  Kesner then accompanied Ballard back to the residence.  *Id.* at 4.

At the residence, Kesner secured Ballard's consent to a search and he, along with other law enforcement officers, took photographs and collected physical evidence.  Doc. 29 at 4.  Ballard contends "[t]here was no incriminating evidence observed or collected showing a crime was even committed."  *Id.*  Despite the lack of incriminating evidence, Ballard states that he was "requested to return back to the [Hinesville] Police Department for questioning."  *Id.* at 5.  He was transported, it is not clear by whom, placed in an interview room, "read his rights," and he "signed a waiver agreeing to speak to detective Kesner."  *Id.*  "Plaintiff was then arrested without a warrant after his testimony which was inconsistent with the [hospital] medical staff['s] . . .theory that there would have had to have been an extreme amount or a lot of force to cause [the] type of injury" suffered by the victim.  *Id.* (internal quotation marks omitted).[2]

---

[2]  The Court notes that Plaintiff's summary of his interview "testimony" is facially inconsistent with his summary of his original description of the events to investigators.  *Compare* doc. 29 at 6 (describing his testimony that "he picked [the

4

Plaintiff contends that the warrantless arrest was "without probable cause because [his] statement did not imply a malicious or cruel intent," and was "inconsistent" with the medical opinions. *Id.* at 6.

Ballard explains that the probable-cause bases for the warrants, included allegations that he "maliciously" harmed the victim and that he "threw" the victim. Doc. 29 at 6-8. He also refers to testimony from Kesner, at a bond hearing, that he arrested Ballard without a warrant because the victim's mother stated she did not want Ballard to return to the residence and because Ballard was "from Virginia," and because statements Ballard made during his interview provided probable cause to arrest him. *Id.* at 9.

Ballard then describes further details of the investigation which he contends are exculpatory. *See* doc. 29 at 9-11. He explains that he "maintains that his prosecution was an 'intentional malicious act'" because both warrants 'are inconsistent with his testimony,'" which appears to amount to his dispute concerning the imputation of "malicious intent" and the distinction between whether he "threw" the victim or

_____

victim] up and dropped him to the floor (3) times"), *with id.* at 2 ("Plaintiff said [to investigators] that he was not in the room when the victim fell from the toilet hitting his head.").

"dropped" him.  *Id.* at 11.  Ballard's factual recitation concludes with an assertion of various constitutional rights he contends are implicated.  *Id.* at 12.

## II.   ANALYSIS

### A.   Motion to Dismiss Standard

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true."  *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  "[A] statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) . . . when the complaint shows on its face that the limitations period has run[.]"  *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th

Cir. 1982) (internal citations omitted). Despite the plaintiff's pleading burden, the movant bears the burden on a motion to dismiss. *See Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure. *See, e.g., Grew v. Hopper*, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008) (citations omitted); *see also Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citation omitted) (noting that although they are construed liberally, "pro se complaints also must comply with the procedural rules that govern pleadings").

### B. Scope of Review

Much of the parties' voluminous briefing concerns the propriety of Ballard's expansion of his allegations in his responses to the Motion to Dismiss and his submission of various documents related to those allegations. *See* doc. 31 at 10-17, doc. 33 at 10-13; doc. 35 at 2-7; doc. 36 at 3-5. Defendants are correct that a plaintiff may not amend his Complaint by adding allegations in response to a Motion to Dismiss. *See,*

7

*e.g.,* doc. 31 at 14.   They are also correct that the majority of the documents Ballard has submitted are not properly considered at the motion-to-dismiss stage.

"It is well-settled in the Eleventh Circuit that a request for leave to amend made in a brief in response to a motion to dismiss that does not attach a copy of the proposed amendment or set forth the substance of the amendment is improper." *Clay v. EquityExperts.org, LLC*, 2022 WL 15579863, at *9 (N.D. Ga. July 14, 2022) (citing *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1163 (11th Cir. 2019)). This Court has not deviated from the "well-settled" principle.   *See Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015) ("A complaint may not be amended by briefs in opposition to a motion to dismiss," and collecting cases); *Gilmore v. Milton*, 2020 WL 7249627, at *10 (S.D. Ga. Dec. 9, 2020) ("[A] party cannot amend a complaint through briefs in opposition to a motion to dismiss."). As another court in this Circuit has put it, pointedly, "[m]otions to dismiss . . . test the sufficiency of the factual allegations contained in the complaint, and a party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion." *Erb v. Advantage Sales & Mktg. LLC*, 2012 WL

3260446, at *3 (N.D. Ala. Aug. 3, 2012) (internal quotation marks and citations omitted).  The facts presented for the first time in Ballard's response, therefore, are not considered in evaluating the sufficiency of his Complaint.[3]

Although it is less clear-cut, Kesner is also correct that the documents Ballard has attached to his briefs are not properly considered in evaluating the Motion to Dismiss.  *See, e.g.,* doc. 31 at 10-14.  First, the documents in question were not "attached to the pleadings."  *See, e.g.,* Fed. R. Civ. P. 10(c).  "Courts may consider evidence extrinsic to the pleadings on a Rule 12(b)(6) motion to dismiss if (1) the documents are referred to in the complaint; (2) the evidence is central to the plaintiff's claim; and (3) the evidence's authenticity is not in question."  *United States ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 906 F. Supp.

---

[3] Despite defendant's briefing and Ballard's strenuous argument that his briefs' allegations should all be considered, he has never requested leave to amend his Complaint.  *See generally* docket.  He is not entitled to amend as a matter of course, since Kesner has moved to dismiss.  *See, e.g.,* Fed. R. Civ. P. 15(a)(1)-(2).  Although the parties have not discussed the question, the Court will explain below, albeit in *dicta* confined to footnotes, that Ballard's recitation of the facts support the conclusion that any amendment appears futile.  *Cf. Ctr. For a Sustainable Coast v. Nat'l Park Serv.*, 454 F. Supp. 3d 1347, 1356 (S.D. Ga. 2020) ("[L]eave to amend should be denied [as futile] where a proposed amendment failed to correct the deficiencies in the original complaint or otherwise fails to state a claim." (internal quotation marks and citation omitted)).

2d 1264, 1271 (N.D. Ga. 2012) (citing *SFM Holdings, Ltd. v. Banc of Am. Sec., L.L.C.*, 600 F.3d 1334, 1337 (11th Cir. 2010)). The vast majority of the documents are not "referred to," even if they might be implicated by the allegations in Ballard's Complaint. They are, therefore, not properly considered unless the Court converts the motion into one for summary judgment. *See Porter v. City of Savannah*, 2016 WL 4468560, at *2 (S.D. Ga. Aug. 23, 2016).

The documents that are "referred to" in the Complaint are the warrants. *See* doc. 1 at 3. Copies[4] of the arrest warrants are included

---

[4] Kesner appears to concede the authenticity of the warrants. *See* doc. 31 at 11. Rather than conceding that they may be considered as extrinsic documents, Kesner suggests that the Court can take judicial notice of them. *Id.* While Federal Rule of Evidence 201 makes judicial notice mandatory in some situations, *see* Fed. R. Civ. 201(b), the effect of such notice in this case is ambiguous, at best. The Eleventh Circuit has recognized out-of-circuit authority "that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal quotation marks omitted) (quoting *Liberty Mut. Ins. Co. v. Rotches Port Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)). "Accordingly, a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *Id.* (collecting cases); *see also, e.g., O'Neal v. Allstate Indem. Ins. Co. Inc.*, 2021 WL 4852222, at *5 (11th Cir. Oct. 19, 2021) (same). Here, there is no dispute that the warrants issued. Moreover, as discussed below, there is no dispute that any claim arising from any alleged substantive defect in those warrants fails. It is, therefore, unclear what relevance the Court's judicial notice of the existence of the warrants could have. However, under the circumstances, there is equally no reason that the Court should not take (redundant) judicial notice of the existence of the warrants, if any party asserts that such notice is mandatory under Rule 201(b).

among the documents Ballard has submitted.  See doc. 29 at 36-37.  To the extent that those documents satisfy two of the requirements for consideration at the motion-to-dismiss stage, they are not "central to the plaintiff's claim."  As discussed below, Ballard's challenges to his initial warrantless arrest implicate a Fourth Amendment false-arrest claim.  His dispute that the warrants are invalid because they were issued based on knowingly false information implicates, instead, a Fourth Amendment malicious-prosecution claim.  The copies of the warrants themselves are "central," if they are central at all, only to the malicious prosecution claim.  Explained in more detail below, Ballard has not—and, indeed, *could not*—allege the essential elements of a malicious prosecution claim, regardless of whether the documents are considered.  They are not, therefore, "central" to any claim at issue.  *See, e.g., Weiss v. 2100 Condo. Ass'n, Inc. @ Sloan's Curve*, 2012 WL 8751122, at *1 (S.D. Fla. Oct. 17, 2012) ("Generally, the extrinsic material must either for the basis for the claim or be necessary to support the claim at issue." (citation omitted)).  The Court, therefore, does not consider them.

Finally, while there may be documents, other than the warrants, of which the Court could take judicial notice, *see, e.g.,* doc. 31 at 12, it

retains discretion to consider them, *see, e.g., Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1531-32 (11th Cir. 1990) ("It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court."). The documents that Ballard has submitted are not considered in the Court's analysis below. *See* doc. 29 at 17-48; doc. 33 at 16-33. For the same reasons, the Court does not consider the copy of Ballard's criminal judgment attached to Kesner's brief. *See* doc. 27-1.

### C. Malicious Prosecution

Both "false arrest" and "malicious prosecution" are recognized claims, under § 1983, for distinct violations of the Fourth Amendment. *See, e.g., Williams v. Aguirre*, 965 F.3d 1147, 1157-58 (11th Cir. 2020) (discussing distinct theories of "false arrest" and "malicious prosecution," under § 1983). It is clear that allegations of arrest pursuant to a warrant, even an invalid warrant, implicate a malicious prosecution claim. *See, e.g., Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) ("The issuance of a warrant—even an invalid one . . . –constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest."); *see also*

*Irving v. St. John*, 2022 WL 17104868, at \*5 (M.D. Fla. Nov. 22, 2022) ("[W]hen an individual is arrested pursuant to a warrant, and where that individual asserts the warrant was invalid, the Eleventh Circuit has directed that the proper claim for relief is that of malicious prosecution, rather than false arrest." (citing *Williams*, 965 F.3d at 1158).

The District Judge's Order screening Ballard's Complaint noted that it raised two issues, his initial warrantless arrest and "whether the warrants were based on falsified information." Doc. 19 at 5. The District Judge concluded that service was proper based upon Ballard's false arrest claim. *Id.* at 6. Therefore, although he mentioned the "warrant charging Plaintiff with aggravated assault," he did not discuss the possible malicious prosecution claim arising from Ballard's claim that the warrant was invalid. *See generally id.* Kesner argues that, "[t]o the extent Plaintiff is asserting a malicious prosecution claim . . . [it] fails because Plaintiff has not alleged . . . the prosecution was terminated in [his] favor." Doc. 27 at 9. Kesner is correct.

Plaintiff's Complaint does not include *any* allegation concerning the termination of his prosecution, much less that it terminated in his favor.[5] *See* doc. 1 at 4-5. The Eleventh Circuit has recognized the insufficiency of virtually identical allegations. *See Elmore v. Fulton Cnty. Sch. Dist.*, 605 F. App'x 906, 916-17 (11th Cir. 2015). The Court of Appeals noted that the operative pleading "contains no allegations regarding a prosecution following [plaintiff's] arrest pursuant to an invalid warrant." *Id.* at 916. Thus, "[e]ven if [plaintiff] had been seized pursuant to an invalid warrant, [he] did not allege a necessary element of a common-law

---

[5]  Ballard's brief expressly states that he has a currently-pending state habeas proceeding "attacking these same claims against Detective Kesner," doc. 33 at 2, he also alleges that he has been "incarcerated for nearly (7) years," *id.* at 9. *See also id.* at 12 ("Plaintiff argues of the same said facts in habeas corpus and Section 1983 that Detective Kesner acted with malice acting 'under color of state law' by falsifying facts to establish probable cause . . . ."). Kesner's unrebutted contention—which is not before the Court at this stage—that Ballard is "currently serving two prison sentences after pleading guilty to charges stemming from both warrants," doc. 27 at 12, also supports the conclusion that Ballard's failure to allege the favorable termination required to state a malicious prosecution claim is not an amendable defect.

Kesner points out, additionally, the lack of favorable termination implies that Ballard's malicious prosecution claim is not ripe, which precludes this Court's subject matter jurisdiction over the claim. *See* doc. 35 at 7 (citing *Brannen v. McGlamery*, 2021 WL 6072558, at *3 (S.D. Ga. Dec. 23, 2021)). Given the Court's recommendation to not consider the documents and allegations outside the Complaint, including all of the information concerning Ballard's post-arrest prosecution, the recommendation of dismissal does not rely on the arguably more fundamental jurisdictional defect in Ballard's claim.

malicious prosecution claim[,]" and "[t]herefore . . . fail[ed] to state a § 1983 claim of malicious prosecution." *Id.* at 916-17.

Accordingly, to the extent that Kesner's Motion seeks dismissal of any malicious prosecution claim that Ballard asserts based on the alleged invalidity of the two warrants issued for his arrest, it should be **GRANTED**. Doc. 27, in part. Any malicious prosecution claim Ballard intended to assert should be **DISMISSED**.

### D.    False Arrest

"False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "[A] federal . . . claim for false arrest requires the plaintiff to show the absence of probable cause at the time of the arrest." *Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020). A § 1983 claim for false imprisonment is "based on a detention pursuant to that arrest [that lacked probable cause]." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996); *see also Wallace*, 549 U.S. at 389 ("[F]alse imprisonment consists of detention without legal process."). As the Eleventh Circuit has explained:

> A § 1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment. *See Cannon v. Macon County*, 1 F.3d 1558, 1562–63 (11th Cir.1993), modified on

other grounds, 15 F.3d 1022 (1994). The elements of common law false imprisonment are an intent to confine, an act resulting in confinement, and the victim's awareness of confinement. *See id.* at 1562 n. 3. The Fourteenth Amendment Due Process Clause includes the "right to be free from continued detention after it was or should have been known that the detainee was entitled to release." *Id.* at 1563; *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir.2007) (per curiam).

*Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009). "[F]alse imprisonment[, or false arrest,] ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389; *see also White v. Hiers*, 652 F. App'x 784, 786 (11th Cir. 2016).

At screening, the District Judge explained that Ballard's allegation that his initial warrantless arrest lacked a probable-cause basis "arguably stated Fourth Amendment false arrest claims against the Defendant." Doc. 19 at 6. Kesner asserts several fatal defects in Ballard's § 1983 false arrest claim. *See* doc. 27 at 8-13. The parties' subsequent briefing focuses on Kesner's argument that any false arrest claim arising from Ballard's warrantless arrest in 2010 is barred by the applicable statute of limitations. *See* doc. 27 at 8-9; *see also* doc. 29 at 13-15; doc. 31 at 3-10; doc. 33 at 4-9; doc. 35 at 7-13; doc. 36 at 5-8. Since,

as discussed below, the Court concludes that Ballard's false arrest claim is time-barred, it does not consider the alternative arguments.

### a. Statute of Limitations for § 1983 Claims

Section 1983 claims are subject to the statute of limitations applicable to personal-injury torts under state law. *Wallace*, 549 U.S. at 387 (internal citation omitted). Under Georgia law, the statute of limitations for such claims is two years. O.C.G.A. § 9-3-33; *see Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Generally, the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the plaintiff. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (per curiam).

A claim for false imprisonment accrues when the prisoner becomes held pursuant to legal process. *Burgest v. McAfee*, 264 F. App'x 850, 852 (11th Cir. 2008) (citing *Wallace*, 549 U.S. at 389). Because Ballard expressly alleges that he was arrested pursuant to a warrant, any false imprisonment claim accrued on the day of his arrest pursuant to that warrant. *See Shuler v. Duke*, 792 F. App'x 697, 702 (11th Cir. 2019) ("Because [plaintiff] was not detained <u>without</u> legal process, his false

arrest and false imprisonment claims accrued on the day of his arrest . . . .”); *see also Carter*, 557 F. App’x at 906 (“The issuance of a warrant—even an invalid one as [plaintiff] alleges was issued here—constitutes legal process . . . .”).  He alleges he was arrested no later than September 21, 2010.[6]  Doc. 1 at 3-4.  Therefore, his claim for false imprisonment accrued that day, and the two-year statute of limitations expired on September 21, 2012.  His Complaint was filed on December 8, 2020, more than eight years too late.

Ballard’s response to Kesner’s timeliness argument is somewhat disorganized.  *See, e.g.,* doc. 29 at 13-14.  He appears to confuse questions concerning the accrual of his cause of action, and the commencement of the statute-of-limitations period, with issues of whether that period might be tolled.  *See id.*  Kesner construes his arguments as, apparently “conced[ing] that the instant 42 U.S.C. § 1983 action was filed outside the statute of limitations.”  Doc. 31 at 2.  The Court is not convinced that he

---

[6]  Kesner argues that Ballard was held pursuant to legal process, and the statute of limitations on his false arrest claim began to run on August 31, 2010.  *See* doc. 31 at 5.  While his argument for that date is plausible, even giving Ballard the benefit of the latter warrant’s date, his false arrest claim is untimely by years.

has made such a concession. His discernable arguments concerning tolling the statute of limitations are discussed in detail below.

One argument that Ballard does make, that appears to address the accrual of the statute of limitations, as opposed to the tolling arguments discussed below, is his assertion that he "could not maintain an action for damages under Section 1983 until he 'knew' that said petition [sic] was the proper venue to seek relief." Doc. 33 at 6. Ballard also refers to difficulties he has encountered in securing a copy of a video recording of his interview with Kesner, which led to his warrantless arrest on August 30, 2010. *See* doc. 29 at 15. Charitably construed, the principle Ballard invokes is known as "the discovery rule." *See Thomas v. City of Chicago*, 2009 WL 1444439, at *3 (N.D. Ill. May 21, 2009).

As Ballard points out, *see, e.g.,* doc. 29 at 14, when the claim accrues and the statute of limitations begins to run is determined by federal, not state, law, *see, e.g., Wallace*, 549 U.S. at 388. While federal courts are not unanimous, *see, e.g., Snyder-Hill v. Ohio State University*, 54 F.4th 963, 972-75 (6th Cir. Dec. 14, 2022) (Readler, J. dissenting) (discussing the application of the "discovery rule" to federal statutes), the Court should follow those courts which hold that "[t]he discovery rule simply

has no applicability to false arrest claims." *Johnson v. Guevara*, 2007 WL 2608525, at *2 (N.D. Ill. Sept. 5, 2007). *But see, e.g., Thomas*, 2009 WL 1444439, at *2 ("The question of whether the discovery rule applies in false arrest cases has divided the district court[,]" and collecting cases).

As explained in *Thomas*, the conclusion that a false arrest claim accrues when the plaintiff learns that his warrantless arrest was without probable cause is not consistent with the Supreme Court's approach in *Wallace*.[7] *See* 2009 WL 1444439, at *3. Moreover, as several courts have noted, "[i]n cases of false arrest, the plaintiff will be aware of his injury, *i.e.*, the wrongful arrest, and those responsible for that injury, *i.e.*, the police, at the time of arrest, therefore no delay in the accrual of the cause of action is necessary." *Guevara*, 2007 WL 2608525, at *2 (internal

---

[7] The only Eleventh Circuit authority specifically addressing the accrual of a § 1983 false arrest claim is ambiguous as to the application of the discovery rule. *See Mathis v. Vizcarrondo*, 792 F. App'x 746, 747-48 (11th Cir. 2019). The court noted that the plaintiff's discovery that his arrest lacked probable cause was "the latest possible accrual date for the statute of limitations." *Id.* Moreover, the Eleventh Circuit has cautioned that its "application of the discovery rule in [some] § 1983 cases does not require [it] to apply it to a new circumstance." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1123 (11th Cir. 2017). It also noted that "though many of our own cases profess adherence to the discovery rule, the constructive knowledge element can cause it to function as an occurrence rule, holding a plaintiff 'should have known' about an injury at the moment it occurs." *Id.* The binding authority in this Circuit, therefore, does not appear to preclude the application of the "ordinary" rule concerning the accrual of the claim, *see id.* at 1123, rather than a "discovery rule."

quotation marks omitted) (quoting *Rolax v. Whitman*, 175 F. Supp. 2d 720, 727 (D.N.J. 2001)) (citing *Rose v. Bartle*, 871 F.2d 331, 350-51 (3d Cir. 1989)).  The Court should, therefore, find that Ballard's false arrest claim accrued, and the statute of limitations began to run, no later than the date he was served with a warrant for his arrest, *i.e.,* September 21, 2010.  *See* doc. 1 at 3.[8]

For the reasons explained above, the Court should find that, absent a viable argument to the contrary, Ballard's § 1983 false arrest claim is time barred.  Ballard, however, asserts several arguments that might preserve his claim, even if it were filed out of time.  First, he argues that he is subject to a "continuing tort."  *See, e.g.,* doc. 33 at 4-5.  Second, he argues that he is "legally incompetent."  *See, e.g., id.* at 8 (citing O.C.G.A. § 9-3-36).  Finally, Ballard argues that he is entitled to equitable tolling

---

[8]  Ballard's allegations in his briefs support the conclusion that, even assuming the discovery rule applies, his false arrest claim is time barred.  Ballard's response explains his contention that Kesner's testimony at an October 7, 2010 "bond and preliminary hearing," "clarif[ies] Detective Kesner's absence of probable cause for Plaintiff's illegal arrest without a warrant."  Doc. 29 at 9-10.  Thus, even if the Court were to consider the entirety of Ballard's filings, and applied a discovery rule to his false arrest claim, it is clear that "the facts supporting his unlawful arrest were apparent on [October 7, 2010], making that date the latest possible accrual date for the statute of limitations."  *Mathis*, 792 F. App'x at 747.  In that case, the statute of limitations on his claim would have run out in October 2012, making the instant claims still untimely by many years.

21

of the statute of limitations.  *See, e.g., id.* at 9.  For the reasons explained below, none of those arguments avoids the time bar on Ballard's false arrest claim.

### b. Continuing Tort

Ballard argues that the theory of a "continuing tort," under Georgia law triggers the running of the statute of limitations when the continued tortious conduct ceases.  *See* doc. 33 at 4.  Specifically, he contends that his continued incarceration resulting from the prosecution commenced by his arrest "produc[es] a continuous injury each day [he] remains incarcerated from [the allegedly] unconstitutional arrest, conviction and false imprisonment."  *Id.* at 4-5; *see also* doc. 36 at 6 ("Plaintiff's imprisonment is a continuous tort . . . .").  Notwithstanding Kesner's objection to Ballard's assertion of continuing tort in a reply, *see* doc. 35 at 6, he also argues that it fails substantively, *id.* at 8-10.  Since, as explained below, Ballard's assertion of "continuing tort" fails on its merits, any procedural impropriety in its assertion is moot.

Courts have recognized the application of "the continuing violation doctrine, sometimes called the continuing tort doctrine," in the context of

§ 1983 claims. *Christian v. Holt*, 2013 WL 141299, at *1 (M.D. Ga. Jan. 10, 2013). As this Court has explained:

> "[t]he continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1221 (11th Cir. 2001); *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006).  "The critical distinction in the continuing violation analysis . . . is whether the plaintiff[ ] complain[s] of the present consequence of a one-time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003.)

*Brantley Cnty. Dev. Partners, LLC v., Brantley Cnty., Ga.*, 559 F. Supp. 3d 1345, 1365 (S.D. Ga. 2021).  This Court has expressly rejected the application of the continuing violation doctrine to preserve an untimely false arrest claim where the "continuing wrong" is a conviction and subsequent incarceration. *See Oglesby v. Smith*, 2020 WL 265924, at *5 (S.D. Ga. Jan. 17, 2020).  "[C]ourts have consistently found that, where the only act alleged to have precipitated the plaintiff's harm is the initial arrest, any subsequent detention constitutes an ill effect from the original false arrest and thus is not independently actionable."  *Id.* (internal quotation marks and citations omitted) (collecting cases). Ballard's continuing-tort argument, therefore, fails.

### c. Statutory Tolling

Ballard appears to contend, albeit vaguely, that he is entitled to statutory tolling of the applicable statute. He asserts that he is "legally incompetent," citing to O.C.G.A. § 9-3-36. Doc. 33 at 8. He alleges that his "incompetence has greatly hindered his successful course of action." *Id.* The statute Ballard cites is clearly inapplicable. *See* O.C.G.A. § 9-3-36 (imposing a six-year limitation period on "claims against a decedent's estate that arose before the death of the decedent"). Georgia law does, however, provide for tolling of statutes of limitations for "[i]ndividuals who are legally incompetent because of intellectual disability or mental illness, who are such when the cause of action accrues . . . ." O.C.G.A. § 9-3-90(a); *see also* O.C.G.A. § 9-3-91 (tolling limitations period for disabilities occurring "after [the] right of action has accrued," in some circumstances). Moreover, those provisions have been held to toll the limitations period in § 1983 cases. *See Meyer v. Gwinnett Cnty.*, 636 F. App'x 487, 489 (11th Cir. 2016). However, Ballard does not allege[9] that

---

[9] Ballard's assertion of "legal incompetence" is wholly conclusory and not entitled to the presumption of truth at the motion-to-dismiss stage. *See, e.g., Twombley*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the

he is "incompetent because of intellectual disability or mental illness," and "[i]t is well-settled that Georgia law does not permit tolling of the limitations period based on a litigant's incarceration status," *Kelsey v. Bibb Cnty. Bd. of Cnty. Comm'rs*, 2015 WL 5302709, at *4 (M.D. Ga. Sept. 10, 2015) (internal quotation marks and citations omitted) (collecting cases). Ballard's statutory-tolling argument, therefore, fails, to the extent that it is even asserted.

### d. Equitable Tolling

Ballard asserts that his claims might be preserved by the application of "equitable tolling." *See, e.g.,* doc. 29 at 14. He first asserts that equitable tolling is appropriate because "despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Id.* He suggests that a video recording of his interrogation, which "holds the direct factual content of testimony by the plaintiff," is the information he has been denied. *Id.* at 15. He also contends that his lack of access "to the information and the forms which allow him to successfully file a complaint . . .," were not readily available. Doc. 33 at

---

complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.")).

9.    Finally, he asserts that counsel representing him during his prosecution did not explain that he might have a civil claim.  *See* doc. 36 at 7.  Kesner opposes Ballard's entitlement to equitable tolling.  *See, e.g.,* doc. 35 at 11-12.  Ballard is not entitled to equitable tolling.

*Wallace* noted that state law is, generally, the source for tolling rules in § 1983 cases.  549 U.S. at 394.  This Court has recognized that "Georgia's non-statutory doctrine of equitable tolling is extremely narrow, and the only discussion of non-statutory equitable tolling in the Georgia courts is in the context of a class action lawsuit."  *Brown v. Patton*, 2022 WL 1819061, at *2 (S.D. Ga. May 11, 2022) (internal quotation marks and citations omitted).  The Court has, therefore, declined to find Georgia's equitable tolling doctrine applies to § 1983 claims.  *See id.* ("Because Plaintiffs bring a § 1983 claim and not a class action, their claim is not tolled under Georgia's non-statutory equitable tolling." (citation omitted)).  Assuming state tolling principles apply, therefore, Ballard is clearly not entitled to equitable tolling.

In at least one case, the Eleventh Circuit has applied "the federal doctrine of equitable tolling" in a § 1983 case, where the applicable limitations were established by Georgia law.  *See Zamudio v. Haskins*,

26

775 F. App'x 614, 616 (11th Cir. 2019).  Under that doctrine "the party seeking to toll the limitations period must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* (internal quotation marks and citations omitted).  It is "an extraordinary remedy which should be extended only sparingly."  *Id.* (internal quotation marks and citation omitted).  It is also clear that the party asserting equitable tolling bears the burden of showing it is warranted.  *Salas v. Peirce*, 297 F. App'x 874, 877 (11th Cir. 2008).

None of the circumstances that Ballard identifies is sufficient to support federal equitable tolling, even assuming it applies.  This Court has found, albeit in the context of analyses of equitable tolling in habeas corpus proceedings, that "limited legal education and access to legal research materials are not sufficient to warrant equitable tolling."  *Wright v. United States*, 2022 WL 17592407, at *2 (S.D. Ga. Dec. 13, 2022) (citing *Moore v. Frazier*, 605 F. App'x 863, 868 (11th Cir. 2015); *Prejean v. United States*, 2022 WL 16708242, at *3 (N.D. Ga. Nov. 3, 2022)); *see also Salas*, 297 F. App'x at 877 (applying habeas case law addressing equitable tolling in a § 1983 case).  Moreover, attorney

27

negligence is, generally, not an "extraordinary circumstance" supporting equitable tolling. *See, e.g., Cadet v. Fla. Dept. of Corrs.*, 853 F.3d 1216, 1226-27 (11th Cir. 2017) ("[A]ttorney negligence, even gross negligence or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling . . . .") Finally, it is unclear how denial of access to a recording of Ballard's own statements, the content of which he clearly knows, could prevent him from filing a claim. In the absence of any asserted "extraordinary circumstance," Ballard has not borne his burden to support his assertion of federal equitable tolling.[10]

Accordingly, Kesner is correct that Ballard's § 1983 false arrest claim, arising from his warrantless arrest in 2010, is untimely. Moreover, none of the bases to avoid the time bar that Ballard asserts is

---

[10] Again, the information contained in Ballard's briefing only serves to support the conclusion that federal equitable tolling is unavailable. Ballard asserts that he has been diligent in pursuing his rights because he filed a state habeas petition years before filing the instant complaint. *See, e.g.,* doc. 33 at 8. Moreover, as discussed above, Ballard's allegations show that he was aware of Kesner's testimony concerning the basis for his warrantless arrest no later than October 2010. In discussing equitable tolling outside of the § 1983 context, courts have observed that "[i]t is well-settled that the statute of limitations is not tolled merely because a plaintiff fails to understand the legal significance of certain facts . . . ." *Citron v. Wachovia Mortg. Corp.*, 922 F. Supp. 2d 1309, 1323 (M.D. Fla. 2013). The Court struggles to see how Ballard could show that he diligently pursued his rights based on facts he was aware of no later than 2010.

meritorious.  To the extent that Kesner moves to dismiss that claim as untimely, his Motion should be **GRANTED**.  Doc. 27, in part.  Ballard's § 1983 false-arrest claim should be **DISMISSED**.

## III.   CONCLUSION

Ballard's Complaint fails to state a § 1983 malicious-prosecution or false-arrest claim.  Accordingly, Defendants Motion to Dismiss should be **GRANTED**.  Doc. 27.  Plaintiffs' Complaint should be **DISMISSED**.  Doc. 1. This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 6th day of January, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA