IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHRISTIN BALLARD,

    Plaintiff,

v.

DETECTIVE MELVIN KESNER,

    Defendant.

CIVIL ACTION NO.: 4:21-cv-5

**O R D E R**

After a careful de novo review of the entire record, as discussed below, the Court concurs with the Magistrate Judge's Report and Recommendation, (doc. 38), to which plaintiff has filed an objection, (doc. 39). For the reasons explained below, the Court **ADOPTS** the Report and Recommendation as its opinion, as supplemented below. See 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Defendant's Motion to Dismiss is, therefore, **GRANTED**. (Doc. 27.) Ballard's Complaint is **DISMISSED**. (Doc. 1.) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

Ballard alleges that defendant Kesner violated his Fourth Amendment rights during the course of an investigation of child abuse. (See doc. 38, p. 2.) At screening, pursuant to 28 U.S.C. § 1915A, the Court identified two issues raised by the Complaint: "Plaintiff's initial arrest without a warrant," and "whether the warrants [subsequently issued] were based on falsified information." (Id.; see also doc. 19, p. 5.) The latter issue can be resolved with dispatch. As the Magistrate Judge explained, an allegedly invalid arrest pursuant to a warrant implicates a claim for malicious

prosecution. (See doc. 38, pp. 12-13.); see also, e.g., Johnson v. Shannon, 484 F. Supp. 3d 1344, 1351 (N.D. Ga. 2020) ("[T]o succeed on his § 1983 malicious prosecution claim the plaintiff must prove that the defendants' falsehoods [in support of the arrest warrant] were not just negligently false, but recklessly so."); Hagans v. Kennedy, 2019 WL 1301962, at *6 (M.D. Ga. Mar. 21, 2019) (analyzing whether officers' allegedly false statements, misstatements, or omissions in a warrant application supported a claim for malicious prosecution); see also Elmore v. Fulton Cnty. Sch. Dist., 605 F. App'x 906, 916 (11th Cir. 2015) (citing Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 3 (1st Cir. 1995) ("Even though malicious prosecution and false arrest may seem distinct enough in abstract definition, . . . in a wrongful arrest case—particularly an arrest conducted pursuant to a warrant based on false allegations—the lines between the two may become blurred.")). Among the necessary elements of a § 1983 malicious prosecution claim is that the criminal prosecution at issue "terminated in the plaintiff accused's favor." Elmore, 605 F. App'x 915 n. 6 (quoting Wood v. Kesler, 323 F.3d 872, 882 (11th Cir. 2003)).

The Magistrate Judge recommended that Kesner's Motion to Dismiss Ballard's malicious prosecution claim be granted because Ballard has not alleged the necessary favorable termination. (Doc. 38, pp. 14 (citing Elmore, 605 F. App'x at 916-17).) Even assuming that Ballard sufficiently alleged that the warrant was procured on knowingly false information, (see doc. 19, p. 5), the Magistrate Judge correctly found that any such claim was fatally defective for failing to allege favorable termination.[1] Elmore, 605 F. App'x at 916-17 (failure to allege "favorable termination, such as the charges being dropped or dismissed," was fatal to malicious prosecution claim). Ballard's Objections do not clearly dispute the Magistrate Judge's analysis of his

---

[1] The Magistrate Judge also noted that additional information submitted in relation to the Motion to Dismiss indicates that Ballard remains incarcerated on the child abuse charges for which he was arrested and, thus, no favorable termination could be alleged. (See doc. 38 at 14 n. 5.)

2

malicious prosecution claim. (See generally doc. 39.) Accordingly, the Report and Recommendation is **ADOPTED**, to the extent it recommends granting the Motion to Dismiss Ballard's malicious prosecution claim. (Doc. 38.)

The clear focus of Ballard's objection to the Report and Recommendation is its analysis of whether his false arrest or false imprisonment claim is time barred. (See doc. 38, pp. 15-29; see generally doc. 39.) His arguments against the validity of that analysis, however, are less clear.[2] The Magistrate Judge explained that detention without legal process and without probable cause implicates claims for false arrest or false imprisonment. (See doc. 38, pp. 15-16.) Kesner's Motion to Dismiss asserts that any such claim arising from Ballard's 2010 arrest is barred by the applicable statute of limitations. (Id., p. 16; see also doc. 27, pp. 8-9). As the Magistrate Judge stated, "Section 1983 claims are subject to the statute of limitations applicable to personal-injury

---

[2] Ballard's objections obliquely refer to several claims other than those identified at screening and considered in the Report and Recommendation. (See doc. 39.) To the extent that Ballard's references attempt to add those claims to his pleading, they are procedurally improper. See, e.g., Young v. Rios, 2018 WL 2079509, at *2 n. 2 (W.D. Okla. May 4, 2018) ("An objection to a Report and Recommendation is . . . not the correct forum to request leave to amend."). Moreover, the claims he suggests appear meritless. First, he refers to federal statutes criminalizing constitutional rights violations. (See doc. 39, p. 2-3 (citing 18 U.S.C. §§ 242, 245)). Neither of those sections is enforceable by a private party in a civil lawsuit. See, e.g., Shahin v. Darling, 606 F. Supp. 2d 525, 538 (D. Del. 2009) ("Plaintiff cannot bring criminal charges against defendants through a private lawsuit, and these sections[, including § 242] do not give rise to a civil cause of action." (citation omitted)); John's Insulation, Inc. v. Siska Const. Co., Inc., 774 F. Supp. 156, 163 (S.D.N.Y. 1991) (". . . 18 U.S.C.A. § 245, which permits federal prosecution for interference with a list of federally protected activities, confers neither substantive rights nor a private right of action for damages." (citation omitted)). Ballard's objection refers several times to due-process violations, invoking either the Fifth or the Fourteenth Amendment. (See doc. 39, p. 3 ("The state did not provide [Ballard] with a fair due process of law, violating several amendment rights and Title 17 criminal procedures."), 3-4 (asserting his "claim should survive a motion to dismiss arguably stating . . . Fifth and Fourteenth Amendment rights to due process of law . . . ."). However, "[t]he Fifth Amendment's due-process clause applies only to the federal government." Strickland v. City of Dothan, Ala., 399 F. Supp. 2d 1275, 1284 (M.D. Ala. 2005) (citing Bartkus v. State of Ill., 359 U.S. 121, 124 (1959)). Moreover, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." Albright v. Oliver, 510 U.S. 266, 273 (1994) (internal citation and quotations omitted). Thus, Ballard's claims are more properly analyzed as violations of his Fourth Amendment rights. See Strickland, 399 F. Supp. 2d at 1284 (plaintiff's "arrest and subsequent detention are more accurately analyzed under the Fourth Amendment's prohibition against unreasonable seizures."). The Court does not consider further any claim Ballard asserts that was not asserted in his original Complaint.

torts under state law," which, in Georgia, is two years.  (Doc. 38, p. 17 (citing O.C.G.A. § 9-3-33; Wallace v. Cato, 549 U.S. 384, 387 (2007)).  He also explained that, in general, a claim for false arrest or false imprisonment accrues no later than when detention becomes subject to legal process, including a warrant, even an allegedly invalid one.  (See doc. 38, p. 17-18 (citing Shuler v. Duke, 792 F. App'x 697, 702 (11th Cir. 2019); Carter v. Gore, 557 F. App'x 904, 906 (11th Cir. 2014)).  Since Ballard's Complaint alleged that he was arrested pursuant to a warrant no later than September 21, 2010, the statute of limitations on his false arrest or false imprisonment claim expired in September 2012, more than eight years before his Complaint was filed.  (Id.)

Ballard's objection correctly points out that the accrual date of a § 1983 claim is a question of federal, not state, law.  (Doc. 39, p. 10 (citing Wallace, 549 U.S. at 388).)  He also acknowledges that "[a] claim for false imprisonment accrues when the prisoner becomes held pursuant to legal process."  (Id. at 11 (citing Burgest v. McAfee, 264 F. App'x 850, 852 (11th Cir. 2008)).  He asserts, however, that the fact that no one "explained to [him] that his arrest and appearance at the 'bond and preliminary hearing' was patently unconstitutional[,]" prevented the accrual of his false arrest or false imprisonment claims at that time.  (Doc. 39, p. 12.)  That assertion suggests that Ballard contends that his claims are subject to what the Magistrate Judge, following other courts, referred to as "the discovery rule."  (Doc. 38, p. 19 (citing Thomas v. City of Chicago, 2009 WL 1444439, at *3 (N.D. Ill. May 21, 2009)).  The Magistrate Judge noted that "federal courts are not unanimous," concerning the application of the discovery rule in § 1983 false arrest cases, and he recommended following those courts that find that rule inapplicable.  (Id., pp. 19-20.)  The Court agrees with the Magistrate Judge's analysis that authority finding "[t]he discovery rule simply has not applicability to false arrest claims[,]" Johnson v. Guevara,

4

2007 WL 2608525, at *2 (N.D. Ill. Sept. 5, 2007), is more persuasive.[3]  The Court, therefore, agrees with the Magistrate Judge's conclusion that, absent a viable basis to toll the statute of limitations, Ballard's false arrest or false imprisonment claim is time-barred.  (Doc. 38, p. 21.)

The Magistrate Judge considered, and found insufficient, three possible bases upon which Ballard might assert that the applicable statute of limitations was tolled.  The Magistrate Judge first rejected Ballard's argument that his continued incarceration on the charges for which he was detained and ultimately arrested constituted a continuing tort.  (Doc. 38, pp. 22-23 (discussing Oglesby v. Smith, 2020 WL 265924, at *5 (S.D. Ga. Jan. 17, 2020)).  Second, the Magistrate Judge rejected Ballard's wholly conclusory and apparently false assertion that he is "legally incompetent," under O.C.G.A. § 9-3-36.  (Doc. 38, pp. 24-25.)  Finally, the Magistrate Judge explained that, under Georgia law, equitable tolling is not available.  (Doc. 38, p. 26 (citing Brown v. Patton, 2022 WL 1819061, at *2 (S.D. Ga. May 11, 2022)).  He also explained that, even assuming federal equitable-tolling principles applied, Ballard has failed to show that he is entitled

---

[3] The Magistrate Judge noted that Ballard's contentions in his briefing on the Motion to Dismiss indicate that, even if the "discovery rule" applied, his false arrest or false imprisonment claim would be time-barred. (See doc. 38, p. 21 n. 8.)  As the Magistrate Judge pointed out, Ballard's briefs expressly contend that Kesner's testimony at an October 7, 2010 hearing, which Ballard attended, "clarify[ ] . . . [the] absence of probable cause for Plaintiff's illegal arrest without a warrant." (Doc. 29, p. 10.)  Ballard does not explain why, even if the Court applied the discovery rule, his claim would not have accrued in October 2010 rendering "the instant claims still untimely by many years."  (Doc. 38, p. 21 n. 8.)  Even assuming that Ballard did not know that his warrantless arrest was without probable cause when it occurred in September 2010, his own presentation shows that the purported bases for that arrest were apparent no later than October 2010.  Even under "a discovery rule, . . . the statute of limitations begins to run on a claim when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  Foudy v. Indian River Cnty. Sheriff's Office, 845 F.3d 1117, 1123 (11th Cir. 2017).  A potential plaintiff's awareness of the legal significance of facts, as opposed to his awareness of the facts themselves, is not necessary to trigger the limitations period.  See, e.g., United States v. Kubrick, 444 U.S. 111, 122 (1979) (concluding, discussing the application of a discovery rule to the statute of limitations under the Federal Tort Claims Act, that "[w]e are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment."); see also Thomas, 2009 WL 1444439, at *3 (concluding that "the application of the discovery rule only confirms Plaintiff's cause of action accrued no later than his arraignment.").

to equitable tolling. (Doc. 38, pp. 26-27.) Ballard does not object to any of those conclusions. (<u>See generally</u>, doc. 39.) The Court agrees with the Magistrate Judge's conclusion that Ballard has not alleged a continuing tort and is not entitled to either statutory or equitable tolling of the statute of limitations. Accordingly, the Report and Recommendation is **ADOPTED**, to the extent it recommends granting the Motion to Dismiss Ballard's false arrest or false imprisonment claim. (Doc. 38.)

In summary, the Court agrees that Ballard has failed to state a malicious prosecution claim because he has not alleged a favorable termination of the prosecution. The Court also agrees that Ballard's false arrest or false imprisonment claim is time-barred. Accordingly, the Report and Recommendation is **ADOPTED** as the opinion of the Court, (doc. 38), as supplemented by the discussion above, and Ballard's Objection is **OVERRULED**, (doc. 39). Kesner's Motion to Dismiss is **GRANTED**, (doc. 27), and Ballard's Complaint, (doc. 1), is **DISMISSED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 7th day of February, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA